UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANNIE V. KENNEDY
AS TUTRIX AND ON BEHALF
OF THE MINOR CHILD L.K.,
MINOR CHILD OF THE DECEDENT

CIVIL ACTION NO. 13-3132

VERSUS

JUDGE S. MAURICE HICKS, JR.

PFIZER, INC.,
ASTRAZENECA PHARMACEUTICALS,
LP, UCB PHARMACEUTICALS, INC., AND
XYZ MANUFACTURER

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Defendant Pfizer, Inc.'s ("Pfizer") Rule 12(b)(6) Motion to Dismiss (Record Document 10). Pfizer seeks dismissal of Plaintiff Annie V. Kennedy's ("Plaintiff Kennedy") product liability claims under the Louisiana Products Liability Act, La. Rev. Stat. §§ 9:2800.51-60 ("LPLA"). See id. Pfizer filed its motion on two grounds: (1) the doctrine of *res judicata* bars the instant suit; and (2) even if *res judicata* does not bar the instant suit, Plaintiff Kennedy has both failed to plead her claims with adequate reference to the applicable provisions of the LPLA and failed to meet the minimum pleading standards under Rule 8(a)(2). See id. For the reasons which follow, Pfizer's motion is **GRANTED**. All of Plaintiff Kennedy's claims against Defendant Pfizer are **DISMISSED**.[1]

**FACTUAL BACKGROUND**

Plaintiff Kennedy is the biological, maternal aunt and the court-appointed Dative Tutrix of the minor child L.K. ("L.K."). See Record Document 1 at ¶ 2. The First Judicial

---
[1] As the Court has granted Pfizer's Rule 12(b)(6) Motion to Dismiss based on the doctrine of *res judicata*, it need not reach Pfizer's alternative arguments.

Court of Caddo Parish, Louisiana appointed Plaintiff Kennedy as Dative Tutrix of L.K. on June 18, 2012. See id. L.K. is the minor son (age not alleged) of the late Lashunda Renee Kennedy ("Kennedy" or "L.K.'s mother"), who died on October 6, 2011. See id. at ¶ 3. Pfizer is the manufacturer of the medications Dilantin and Geodon. See id. at ¶ 4. Defendant AstraZeneca Pharmaceuticals, LP ("AstraZeneca") is the manufacturer of the medication Seroquel. See id. UCB Pharmaceuticals, Inc. ("UCB") is the manufacturer of the medication Keppra. See id. XYZ Manufacturer ("XYZ") is a manufacturer of Valproic Acid. See id. All four of these medications are anti-seizure medications. See id. at ¶¶ 8, 11.

On July 10, 2011, Kennedy was taken by ambulance to Louisiana State University Health Science Center in Shreveport ("LSUHSC-S") due to "altered mental status and non-verbal, uncooperative and aggressive behavior." Id. at ¶ 7. Kennedy began to suffer "seizure like activity and rapid renal deterioration." Id. at ¶ 8. Kennedy first ingested the prescribed medication Keppra on July 10, 2011. See id. Kennedy first took the prescribed medication Dilantin on July 12, 2011. See id. at ¶ 9. These two medications did not stop the seizures, so Kennedy's dosage of both medications was increased on July 14, 2011. See id. at ¶ 10. By July 29, Kennedy was receiving both of these medications intravenously. See id. at ¶ 11. Doctors also prescribed Valproic Acid for her on July 29. See id.

On July 31, 2011, Kennedy complained of itching, and doctors prescribed Benadryl to stop the itching. See id. at ¶ 12. From July 31, 2011 to August 22, 2011, Kennedy's seizures continued intermittently, her itching worsened, and she developed rashes, blisters, and ulcers. See id. at ¶¶ 12-16. Throughout this period, Kennedy

continued to receive Dilantin, Keppra, and Valproic Acid, but doctors discontinued these medications on August 22, 2011, along with the medication Seroquel.[2] See id. at ¶ 16. On August 22, 2011, Kennedy's medical records indicate that doctors were concerned that Kennedy had Stevens - Johnson Syndrome ("SJS"). See id. Doctors speculated that the rashes were "thought to be secondary to medication reaction." Id. at ¶ 17.

After August 22, 2011, Kennedy's condition "severely decline[d]." Id. Her rashes and ulcers were described as "sloughed lesions" in her medical records; her seizures continued, but by this point she had been taken off all anti-seizure medications. Id. at ¶ 19. Kennedy's condition continued to deteriorate until her death on October 6, 2011. See id. at ¶ 20.

On July 9, 2012, Plaintiff Kennedy filed suit ("the first suit") on behalf of L.K. against Pfizer in this Court, alleging that the Dilantin Kennedy ingested was defective and caused her death from SJS. See Kennedy v. Pfizer, Inc., No. 12-1858, 2013 WL 4590331 (W.D.La. August 28, 2013). Plaintiff Kennedy's causes of action in the first suit, as in the instant action, included all four of the causes of action under the LPLA. See id. On August 28, 2013, this Court granted Pfizer's Rule 12(b)(6) Motion to Dismiss all of Plaintiff Kennedy's claims. See id. at *6. Plaintiff Kennedy did not file a notice of appeal; she did not seek leave to amend the original complaint. See Record Document 28 at ¶ 9.

---

[2] Confusingly, before this portion of the complaint, the complaint never asserted that Seroquel had been administered to Kennedy, nor did it include a date on which the administration of this medication began. The complaint only mentions Seroquel three other times, and then only for the purpose of identifying AstraZeneca as its manufacturer or quoting a doctor's speculation from medical records. See Record Document 1 at ¶¶ 4, 16, 19, 22.

The instant action, alleging that Defendants Pfizer, AstraZeneca, UCB, and XYZ are liable to Plaintiff Kennedy for the wrongful death of L.K.'s mother under all four of the causes of action under the LPLA, commenced on November 25, 2013. See Record Document 1. Now before the Court is Pfizer's Rule 12(b)(6) Motion to Dismiss. See Record Document 10. Plaintiff Kennedy filed a memorandum in opposition to Pfizer's motion, and Pfizer filed a reply. See Record Documents 28 & 34.

## LAW AND ANALYSIS

**I.    Legal Standards.**

*Res judicata* is a doctrine that "precludes . . . parties or their privies from relitigating issues that were or could have been raised" in a previous action (emphasis added). Federated Dep't Stores v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428 (1981). The Fifth Circuit has set up a four-part test to determine whether *res judicata* bars a claim: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." Oreck Direct LLC v. Dyson Inc., 560 F.3d 398, 401 (5th Cir. 2009) (citation omitted). Simply filing a new lawsuit with additional parties does not defeat *res judicata* with respect to the parties and claims from the previous lawsuit, so long as all of the other elements of *res judicata* are met. See Comer v. Murphy Oil USA, Inc., 839 F. Supp. 2d 849, 855 (S.D. Miss. 2012), *aff'd* 718 F.3d 460 (5th Cir. 2013).

When all of the elements of *res judicata* are met on a plaintiff's claims, such claims are barred from being brought in a separate action, and a court can therefore dismiss these claims on a Rule 12(b)(6) motion to dismiss. See Cabot Golf CL-PP 1,

LLC v. Cabot Golf CL-PP Acquisition, LLC, No. 12-39, 2013 WL 3927861 (E.D. Tex. July 25, 2013), *aff'd* Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP, No. 13-40912, 2014 WL 3043727 (5th Cir. July 7, 2014); Federated Dep't Stores, 452 U.S. 394, 396-397, 101 S.Ct. 2424, 2427 (1981).

Rule 41(b) governs the effect of "involuntary dismissals." F.R.C.P. 41(b). A Rule 12(b)(6) motion to dismiss, if granted, is an "involuntary dismissal" under Rule 41(b) because it is granted when "the plaintiff fails to . . . comply with [the Federal Rules of Civil Procedure]." Id. "Unless the dismissal order states otherwise," dismissal of a suit on a Rule 12(b)(6) motion, therefore, "operates as an adjudication on the merits." Id.

In determining whether two cases involve the same claim or cause of action for the purposes of *res judicata*, courts in the Fifth Circuit use "the transactional test, which requires that the two actions be based on the same nucleus of operative facts." Oreck, 560 F.3d at 401 (citation and internal quotations omitted). It is "the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted [that] defines the claim." U.S. v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007).

II. Analysis.

    A. **Rule 12(b)(6) Motion to Dismiss Kennedy's Claims Based on *Res Judicata*.**

In the instant case, all four of the Oreck elements of *res judicata* are met. First, the "parties must be identical in the two actions." Oreck, 560 F.3d at 401. The parties in this case, Plaintiff Kennedy and Pfizer, are identical to those in the first suit. See Kennedy v. Pfizer, Inc., No. 12-1858, 2013 WL 4590331 (W.D.La. August 28, 2013). Plaintiff Kennedy has filed the instant action with three new defendants that were not

present in the previous action.  See Record Document 28, at 3.  Plaintiff Kennedy argues in her opposition to Pfizer's motion that the mere fact that the instant suit has more defendants means that the parties are not identical and that the first element is not met.  See Record Document 28, at ¶ 3. However, as the court in Comer stated, "the naming of additional parties does not eliminate the *res judicata* effect of a prior judgment."  839 F.Supp.2d at 855.

Second, "the prior judgment must have been rendered by a court of competent jurisdiction." Oreck, 560 F.3d at 401.  Plaintiff Kennedy has correctly conceded that the prior judgment was rendered by a court of competent jurisdiction (this Court). See Record Document 28, at ¶ 4.

Third, "there must be a final judgment on the merits."  Oreck, 560 F.3d at 401. The first suit ended in such a judgment because it was dismissed when this Court granted Pfizer's Rule 12(b)(6) Motion to Dismiss.  See Kennedy, 2013 WL 4590331. The plain language of Rule 41(b) indicates that a dismissal on a defendant's Rule 12(b)(6) Motion to Dismiss, "unless the dismissal order states otherwise . . . operates as an adjudication on the merits."  F.R.C.P. 41(b).  The dismissal order for the first suit does not state otherwise.  See Kennedy, 2013 WL 4590331.  Under Rule 41(b), the only types of dismissals that do not operate as judgments on the merits are dismissals for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19." F.R.C.P.41(b).  None of those exceptions apply here.

Plaintiff Kennedy's argument that the facts of Oreck are distinguishable from the instant case is misplaced.  The holding in Oreck is not limited to its particular set of facts, and the opinion clearly lays out the elements of *res judicata* in a manner that

indicates that they are meant to generally apply to all cases. See Oreck, 560 F.3d 398. Additionally, the argument that *res judicata* does not apply because the judgment in the first suit does not include the phrase "with prejudice" lacks merit. Rule 41(b) clearly states that the default rule for most types of dismissals is that they operate as adjudications on the merits. See F.R.C.P. 41(b). Thus, the dismissal of the first suit was a final judgment on the merits, and the third element of *res judicata* is met.

Fourth, "the same claim or cause of action must be involved in both cases." Oreck, 560 F.3d at 401. The instant suit involves "the same claim or cause of action" as the first suit. Id. It is also based on the same series of events as the first suit, and a comparison of the complaints from each of the suits demonstrates that Plaintiff Kennedy merely added a few facts, new defendants, and new medications to the complaint in the instant suit. See Record Documents 1 and 10-2. Applying the transactional test the Fifth Circuit has adopted for this element, the first suit and the instant suit are based on "the same nucleus of operative facts" because the suits involve the same plaintiff, the same decedent, the same defendant (Pfizer), the same medication, the same symptoms, the same disease, the same time period, and the same hospital. Oreck, 560 F.3d at 401; see Record Documents 1 and 10-2. The extra facts Plaintiff Kennedy has added to the complaint in the instant action could and should have been included in the original complaint in the first suit. As both Federated Dep't Stores and Oreck indicate, *res judicata* bars all claims that "were or could have been raised" in a previous action from being brought again against the same defendant. 452 U.S. at 398, 101 S.Ct. at 2428 (1981); 560 F.3d at 401.

Therefore, Pfizer's Rule 12(b)(6) Motion to Dismiss Plaintiff Kennedy's claims on the basis of *res judicata* is **GRANTED**. All of Plaintiff Kennedy's claims against Pfizer are hereby **DISMISSED**.

## CONCLUSION

Dismissal of this suit on the basis of the doctrine of *res judicata* is proper. Indeed, this case provides a textbook case for application of the doctrine, a doctrine that "serves vital public interests . . . [and] which should be cordially regarded and enforced by the courts." Federated Dep't Stores, 452 U.S. at 401, 101 S.Ct. at 2429. The Rule 12(b)(6) Motion to Dismiss filed by Pfizer is, therefore, **GRANTED** and all of Plaintiff Kennedy's claims against Pfizer are hereby **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of August, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE